JACOB F. HEEB, et al., Appellants, v. CATHERINE HEEB.

**Wills: Disinheritance.** A will which devises all to the wife, disinherits
the children, though no intention to disinherit is expressed. See
Code, 2453.

*Appeal from Dubuque District Court.*—HON. FRED
O'DONNELL, Judge.

WEDNESDAY, JANUARY 23, 1895.

Action praying for the construction or setting
aside of a will. The District Court sustained a
demurrer to the petition, from which order the plaint-
iffs appealed.—*Affirmed.*

*Martin Neilan* for appellants.

*John Deery* and *Alphons Mathews* for appellee.

Granger, J.—The facts are concisely stated in the
petition as follows: "Come now the plaintiffs, and for
cause of action state: (1) That Anton Heeb, late
deceased, of the county and city of Dubuque, Iowa, was
their father. (2) That Anton Heeb was married three
times during his lifetime. (3) That the plaintiff Jacob
F. Heeb is fifty-two years of age, and the son of Anton
Heeb by his first wife, who died about fifty years ago.
(4) That the plaintiff Lawrence J. Heeb is forty-eight
years of age, and the son of Anton Heeb by his second
wife, who died about forty-seven years ago. (5) That
Anton Heeb married his third wife, Catherine Gehrig,
about 1845, and they lived together as husband and
wife until the time of his death, in 1888. (6) That
seven children were born to Anton Heeb and Catherine

Heeb, his third wife, and all these children and the widow of Anton Heeb are now living. (7) That on the 29th day of January, 1886, Anton Heeb, the father of plaintiffs, made a will in writing, a copy of which, with the probate thereof, is hereto attached as Exhibit A, and made a part of this petition. (8) That Anton Heeb died in the year 1888, leaving Catherine Heeb, his wife, seven children by said wife, and the plaintiffs, as his heirs. (9) That, by the terms of said will, all the property of which Anton Heeb died seised was devised and bequeathed to his wife and widow, Catherine Heeb, exempting her from giving bond or filing an inventory of the property of his estate. (10) That said will was probated in the District Court of Dubuque county, Iowa, on the 19th day of March, 1888. (11) That the plaintiffs are heirs of Anton Heeb, and by the terms of the will they are disinherited, while the intention to disinherit the plaintiffs is nowhere clearly expressed. (12) That Anton Heeb died seised of real and personal property valued at three hundred thousand dollars. (13) That the will places all their father's property in the name of Catherine Heeb, who is not of their blood or kindred, and it is doubtful and uncertain whether they under the will can inherit any of their father's estate. (14) That said will, as to plaintiffs, is contrary to law, doubtful, and uncertain in its interpretation. (15) That the plaintiffs' names are omitted in said will, while it nowhere appears in said instrument that such omission was intentional." The prayer is that the will be so construed as to give plaintiffs the share of the estate provided by law, or set the will aside. The demurrer sustained by the court was general. The following is the essential part of the will: "And, after the payment of all my just debts, I do hereby devise and bequeath all the property of which I may die seised or possessed, or to which I may

be entitled at the time of my death, to my beloved wife, Catherine Heeb. I also desire that she shall not be required to give any bond or other security for the execution of this, my will. I also desire that she may be exempt from filing any inventory of the personal property belonging to my said estate. I wish further to add that I have in my mind the intention of making some charitable bequests which I will not express herein, but will instruct my beloved wife above named in the matter and trust to her judgment and discretion in the bestowal of them."

It will be observed that Anton Heeb was the father of nine children at the time of the execution of his will, and that all are, if its provisions are to be observed, disinherited. It is said by appellant that "the Code of Iowa, having no provision for children not referred to or named in the will of their parents, revives the common law;" and then it is said that, at common law, "no child shall be disinherited unless the intention to disinherit it is expressed." The following was a territorial provision: "When any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, they shall take the same share of his estate, both real and personal, that they would have been entitled to if he had died intestate; unless they shall have been provided for by the testator in his lifetime, or unless it shall appear that such omission was intentional and not occasioned by any mistake or accident." Rev. St. 1843, p. 670, section 19. It is appellants' thought that this provision was a change or modification of the common law, and that by its repeal or omission from the statutes of the state the common law rule obtains. It is further said that Code, section 2322, "being silent in reference to children not named in the will, and to the way a testator

may dispose of his property, it is to be devised accord-
ing to the common law." We are a little in doubt as to
appellants' precise meaning, but we understand it to
be that a testator may disinherit his children by will
if the intent is therein expressed; but that, in the
absence of such expression, if the effect of the will, if
observed, would be to disinherit a child, the rule of the
common law obtains as to inheritance, notwithstand-
ing the will. We do not understand appellants to con-
tend that it is not competent for the legislature to reg-
ulate the descent of property, but they base their con-
tention on the absence of legislation. The difficulty
with appellants' contention is that it does not take
into consideration some important provisions of the
Code, whereby the descent of property is regulated, and
the provisions of the common law are superseded,
even though they may be, to some extent, re-enacted.
Section 2436 provides that personal property of the
deceased, " * * * not otherwise disposed of as herein-
before provided, shall be.distributed to the same persons
and in the same proportions as though it were real estate."
By section 2440, one-third in value of the real estate
is given to the wife or husband, as the case may be.
Then follow, in other sections, some provisions creating
other rights and charges, such as homestead, support,
and the distributive share of the widow; and then fol-
lows section 2453, as follows: "Subject to the rights
and charges hereinbefore contemplated, the remain-
ing estate of which the decedent died seised shall, in the
absence of other arrangements by will, descend in
equal shares to the children." It would be difficult to
imagine a more conclusive statutory regulation for
the descent of property than is embraced in the sec-
tions quoted. The following is section 2322, as to the
disposition of property by will: "Any person of full
age and sound mind may dispose, by will, of all his

property except what is sufficient to pay his debts, or what is allowed as a homestead, or otherwise given by law, as privileged property, to his wife and family." It will be seen that the conditions upon which children inherit are fixed by statute, and they are that, subject to certain rights and charges, the property will descend to them "in the absence of other arrangements by will," which means if the property is not otherwise disposed of by will. Appellants do not question but that Heeb could have disposed of all his property to his wife if, in so doing, he had properly expressed his intent to not give any to his children. We do not see how such an intent could have been more conclusively manifested. Neither his soundness of mind nor his legal capacity in other respects is questioned. With knowledge of his wife and children, all of whom, under the law, would share his estate, he gives it all, in express terms, to his wife. That is conclusive of his intent as to his children. To us it seems that, upon any theory of construction, the will must be sustained. The judgment is *affirmed.*